**Roger BRASS, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; Rick Thurlo, Defendants–Appellees.**

No. 99–55570.

D.C. No. CV–98–2052 LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2000.*

Submission Vacated Nov. 30, 2000.

Resubmitted March 19, 2001.

Decided March 19, 2001.

■

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before O'SCANNLAIN,
FERNANDEZ, and RAWLINSON,
Circuit Judges.

### ORDER

This case is resubmitted as of the date of this order.

### MEMORANDUM**

Roger Brass appeals an order granting summary judgment for the County of Los Angeles and Deputy Thurlo in Brass's 42 U.S.C. § 1983 action alleging that he was unlawfully arrested and detained. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

### I

■ Brass contends that Deputy Rick Thurlo violated his constitutional rights when Deputy Thurlo mistakenly arrested him instead of James Nichols. Deputy Thurlo claims he has qualified immunity from suit because a reasonable officer would have believed he had probable cause to arrest Brass.

■ Government officials are entitled to qualified immunity from suits under § 1983 so long as their actions did "not violate clearly established statutory or con-

stitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Under clearly established law, an arrest is lawful if probable cause existed to make the arrest. *Mendocino Environmental Center v. Mendocino County,* 14 F.3d 457, 462 (9th Cir. 1994). An officer has qualified immunity if an objectively reasonable officer would have believed that there was probable cause. *Id.* The question is whether, in the totality of the circumstances known to the officer at the time of arrest, the officer reasonably believed he had probable cause to arrest the suspect. *Id.* Although the inquiry is fact specific, it does not preclude summary judgment if the facts show that there was probable cause to arrest. *See Act Up!/ Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993).

■ An arrestee's physical resemblance to the description of the person to be arrested is a relevant factor in finding a reasonable belief of probable cause to arrest. *United States v. Pinion,* 800 F.2d 976, 979 (9th Cir.1986). In this case, the parties agree that Brass and Nichols were of the same race and coloring, were within three years of the same age, and were within one inch in height and twenty pounds in weight. These undisputed similarities between Brass and Nichols strongly weigh in favor of a finding of probable cause to arrest Brass.

■ Physical similarities alone, however, are not enough to establish probable cause. *Id.* In this case, however, Deputy Thurlo had more information than mere similarity of appearance—it is undisputed that he knew that Nichols had used Brass's residential address. Viewing the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence in the light most favorable to Brass, the undisputed physical similarities between Brass and Nichols combined with the identical residential address were sufficient to establish that a reasonable officer in Deputy Thurlo's shoes would have thought he had probable cause to arrest Brass on the warrant for Nichols. Thus, Deputy Thurlo has qualified immunity and is not liable for the arrest under 42 U.S.C. § 1983.

## II

■ Brass claims that the County of Los Angeles violated his constitutional rights when it failed to release him from jail until April 11, even though a judge ordered his release on April 9. Brass is suing the County of Los Angeles for this violation, claiming that the County is liable for untimely release of prisoners from the jail. The County contends it is not liable because the County jail is run by the Sheriff, who acts as a state policymaker when he releases prisoners.

■ Under 42 U.S.C. § 1983, local governments can be held liable for the actions of its employees if those employees commit unconstitutional acts pursuant to a "policy or custom" of the local government, *see Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), but not if they commit unconstitutional acts pursuant to a policy of state government, *see McMillian v. Monroe County,* 520 U.S. 781, 783, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). Thus, the question is whether, when effectuating the release of prisoners, the Sheriff of Los Angeles County is a state policymaker, in which case the County would not be liable, or a local policymaker, in which case the County would be liable.

We recently decided that when the Sheriff of Los Angeles County performs the function of "oversight and management

of the local jail," including, specifically, the effectuation of the release of prisoners, the "Sheriff acts for the County," and not the state. *Streit v. County of Los Angeles,* 236 F.3d 552, 561 (9th Cir.2001). As a result, the County can be liable for Brass's delayed release and, therefore, the district court's summary judgment for the County must be reversed. We express no opinion on the merits of Brass' claim of untimely release.

For the foregoing reasons, the district court's judgment in favor of Deputy Thurlo is AFFIRMED and its judgment in favor of the County is REVERSED.